**NOT FOR PUBLICATION OR CITATION**

## UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF KENTUCKY
### LEXINGTON

CIVIL ACTION NO. 05-CV-390-JBC

DAVID SHELBY                                                              PETITIONER

### <u>MEMORANDUM OPINION AND ORDER</u>

WARDEN JOE W. BOOKER

                                                              RESPONDENT


David Shelby, an individual currently incarcerated in the Federal Medical Center in Lexington, Kentucky ("FMC-Lexington"), has filed a *pro se* petition for writ of habeas corpus [Record No. 1].  He has paid the $5.00 filing fee [Record No.4].

This matter is now before the Court for screening.   28 U.S.C. § 2243; *Demjanjuk v. Petrovsky*, 612 F. Supp. 571 (N.D. Ohio 1985) (citing *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970), *cert*. *denied*, 400 U.S. 906 (1970); *accord Aubut v. State of Maine*, 431 F.2d 688, 689 (1st Cir. 1970)).

This is a *pro se* petition and, as such, it is held to less stringent standards than those drafted by attorneys. *See Cruz v. Beto*, 405 U.S. 319 (1972); *Haines v. Kerner*, 404 U.S. 519 (1972).  The allegations in a *pro se* petition must be taken as true and construed in favor of the petitioner. *See Malone v. Colyer*, 710 F.2d 258, 260 (6th Cir. 1983).  However, 28 U.S.C. § 1915(e)(2) affords a court the authority to dismiss a case at any time if the court determines the action:  (i) is frivolous or malicious, or (ii) fails to state a claim upon which relief can be granted.

<u>CLAIMS</u>

The petitioner states that in 1999 he was convicted in the United States District Court for the Southern District of Illinois ("the trial court") for drug offenses in violation of 21 U.S.C. § 841.  He was also convicted under 18 U.S.C. § 924(c) of  knowingly using and carrying a firearm during the commission of a drug offense, and for being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g).  He received a 200-month sentence.  The Seventh Circuit affirmed his conviction. *See United States v. Shelby*, 234 F.3d 1275 (Table), 2000 WL 1611120 (7th Cir.(Ill.) October 26, 2000) (Unpublished Disposition).

The  petitioner  states  that  he  filed   a motion  in  the  trial  court  to  vacate  his sentence  pursuant  to  28  U.S.C.  §  2255,  and  a  subsequent  motion  to  amend  his  § 2255 motion.  The trial court denied both motions in December, 2003.  In November, 2004, he filed a motion for a Certificate of Appealability of the denial of his § 2255 motion.  The Court of Appeals ultimately denied that motion in May, 2005.  He further states that in July, 2005, the Court of Appeals denied his motion for reconsideration.

In  the  Memorandum  of  Law  which  the  petitioner  attached  to  his  § 2241 petition, he   challenges the fact that he knew about the existence of a gun in his vehicle.  He challenges  numerous aspects of his criminal conviction and argues that he was denied due process of law during his criminal trial.  Summarized, he challenges: (1) the credibility of the government's evidence produced at trial; (2) the fact that he was  selectively  prosecuted;  (3)  the  tactics  the  prosecutors  employed  at  trial;  (4)

2

evidentiary rulings of the trial court; and (5) the fact that he was convicted for the criminal acts of another.  He states that he is actually innocent of the crimes of which he was convicted in the trial court.

<u>DISCUSSION</u>
1.  <u>§ 2255 Remedy Not Inadequate</u>

First, relief under § 2241 is not appropriate where, as here, the petitioner previously presented his instant claim to the trial court under 28 U.S.C. § 2255 and lost*. Charles v. Chandler*, 180 F.3d 753, 757-58 (6th Cir. 1999).  The current petition contains nothing more than a list of challenges which the petitioner raised in the direct appeal of his criminal conviction, and/or in his previous § 2255 motions.  The law of the Sixth Circuit, as discussed in *Charles*, is well established:  the remedy available to a petitioner under § 2255 is not rendered ineffective or inadequate simply because the trial court previously denied him relief.

2.  <u>"Actual Innocence" Claim Without Merit</u>

Second, even if the court were to consider the merits of the petitioner's "actual innocence*"* argument, he would not prevail.  In *Bousley v. United States*, 523 U.S. 614, 118 S. Ct. 1604 (1998), the Supreme Court explained that  "To establish actual innocence, petitioner must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." *Id*. 523 U.S. at 623.  The Court continued, stating, "It is important to note in this regard that 'actual innocence' means factual innocence, not mere legal insufficiency. . . ."   *Id.* at 623-24.   In the petitioner's direct appeal of his criminal conviction, the Seventh Circuit

3

discussed at length the petitioner's role in the crimes of which he was convicted.  That opinion amply reveals that the jury had ample bases upon which to convict the petitioner of using and  carrying firearms during the commission of a drug trafficking offense.[1]  Thus, the petitioner's claim that he was "actually innocent" of that offense is without merit./

CONCLUSION

Accordingly, **IT IS ORDERED** that Petitioner Shelby's § 2241 petition is **DENIED** and that  this  action will be **DISMISSED WITH PREJUDICE**, *sua sponte,* from the docket of the court.

Judgment shall be entered contemporaneously with this memorandum opinion and order in favor of the respondent.

Signed on January 20, 2006

---

[1]

The Seventh Circuit described the case against the petitioner as follows:

No miscarriage of justice occurred here because the evidence presented at trial was sufficient to sustain the guilty verdicts.  Even if Shelby had properly preserved the sufficiency of the evidence issue, *his conviction would still stand because a rational trier of fact could have found him guilty beyond a reasonable doubt.*  Testimony from police officers established that Shelby tossed a bag containing cocaine from the car.  The cocaine was packaged in quantities suitable for resale.  An officer testified that he watched Shelby place an object--later determined to be a loaded gun--between the seat cushions of the car.  Testimony from a narcotics detective established that drug dealers preferred this type of gun.  *Given such evidence, a rational jury could easily conclude that Shelby possessed a firearm and cocaine with the intent to distribute.*

*United States v. Shelby*, 234 F.3d 1275, 2000 WL 1611120, at **3 (Emphasis Added).

*Jennifer B. Coffman*
JENNIFER B. COFFMAN, JUDGE
U.S. DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY